IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.  04-cv-1647-WDM-OES**

WALTER SINS, et al.,
Plaintiffs,
v.
JANUS CAPITAL MANAGEMENT LLC,
Defendant.

Civil Action No. 04-cv-2395-WDM

MICHAEL FLEISHER, et al.,
Plaintiffs,
v.
JANUS CAPITAL MANAGEMENT LLC,
Defendant.

ORDER ON JANUS CAPITAL MANAGEMENT LLC'S
MOTION FOR PROTECTIVE ORDER

ENTERED BY U. S. MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  June 27, 2005

      This matter is before the Court on Janus Capital Management LLC's Motion for Protective Order, filed May 25, 2005, requesting a modification to the existing protective order as it applies to the Proprietary Compensation Information (defined as information related to actual amounts and the specific formulas by which Janus determines compensation for its mutual fund portfolio managers and research analysts) sought by Plaintiffs.  The Court, having reviewed the Motion for Protective Order, all briefing and oral arguments relating thereto, and being fully advised in the premises, finds and orders as follows:

      IT IS ORDERED THAT the information sought by Plaintiffs regarding the

compensation of Janus' key investment management professionals constitutes "trade secret information." As such, the Court is limiting the production of such trade secret information to a blank compensation agreement which contains the compensation formula used to determine the key investment management professionals' compensation, as well as a written summary containing said professionals' compensation for the relevant time periods. The Court is of the opinion that the production of these documents will provide Plaintiffs the information they seek, while concomitantly providing adequate safeguards for this highly confidential information. These documents will be designated "Highly Confidential-Attorneys' Eyes Only," and distribution of the information will be limited to one copy for each of Plaintiffs' attorneys' offices, as well as Plaintiffs' designated expert with a need to know the information. In order to provide adequate safeguards to this information while in use, the documentation shall be maintained in Plaintiffs' counsels' respective offices, or in the office of their designated expert, and shall be stored in a locked file when not in use. Any documents filed with the Court which contains "Highly-Confidential-Attorneys' Eyes Only" information will be filed under seal. A determination regarding the use and treatment of this information at trial will be made by the parties and the Court during the pretrial hearing.

IT IS FURTHER ORDERED THAT the Proprietary Compensation Information shall be produced only in the written format described above, and

deposition testimony requested by Plaintiffs regarding the formula and amount of compensation is not necessary and will not be permitted.

Dated at Denver this day of June 27, 2005

BY THE COURT

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge