IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-01647-WDM-MEH

WALTER SINS, et al.,

    Plaintiffs,

v.

JANUS CAPITAL MANAGEMENT, LLC,

    Defendant

and

Civil Action No. 04-cv-02395-MSK-CBS

MICHAEL FLEISHER, et al.,

    Plaintiffs,

v.

JANUS CAPITAL MANAGEMENT, LLC,

    Defendant

---

## ORDER ON MOTION TO DISMISS

Miller, J.

This case is before me on the motion to dismiss filed by defendant Janus Capital Management LLC (Defendant or "Janus Capital"). Plaintiffs oppose the motion. After review of the Consolidated Amended Complaint (docket no. 37) ("Amended Complaint") and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be denied.

Background

These consolidated cases are based on Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b). Plaintiffs are shareholders of various mutual funds[1] (the "Funds") within the Janus family or complex. Defendant Janus Capital is the investment advisor and control person of the Funds. Plaintiffs allege that Defendant has breached its fiduciary duty under Section 36(b) to the Funds with respect to the investment fees it charges and excessive profits it has retained.

According to the Amended Complaint, the Funds pay Defendant a fee for investment services based on a percentage of the net assets of each of the funds in the complex. Amended Complaint ¶ 6. Plaintiffs allege that Defendant charges higher fees for these services than it does to other clients for identical services. Amended Complaint ¶ 7. Plaintiff provides comparison rates of fees charged to the Funds (.65%), compared to advisor and sub-advisor fees charged to third parties (ranging from .35% to .55%). Amended Complaint ¶¶ 43-44. In addition, Plaintiffs allege that although assets in the complex have grown dramatically and the cost of services rendered by Defendant has gone down, advisory fees have grown. Amended Complaint ¶ 12. Plaintiffs further allege that economies of scale resulting from the growth in assets managed by Defendant have brought excessive profits that have should have been distributed to the shareholders of

---

[1] In the Amended Complaint, Plaintiffs purported to bring claims on behalf of nineteen funds. Although not relevant to my determination of the motion to dismiss, I note that in the Final Pretrial Order (doc no 123), filed October 24, 2006, that number is reduced to ten by stipulation of the parties: Janus Fund, Janus Enterprise Fund, Janus Mercury Fund, Janus Olympus Fund, Janus Twenty Fund, Janus Overseas Fund, Janus Worldwide Fund, Janus Balanced Fund, Janus Growth and Income Fund, and Janus Contrarian Fund.

the Funds, but instead were retained by Defendant. Amended Complaint ¶ 13. Evidence of the refusal to pass along economies of scale is the absence of fee breakpoint levels in the advisory fees for the Funds, in contrast to fees for services to third parties. Amended Complaint ¶ 39. Finally, Plaintiffs allege that the Board of Trustees, which governs the Funds, are unduly influenced by Defendant because they do not receive sufficient information to properly fulfill their obligations. Amended Complaint ¶ 14.

Plaintiffs make a significant number of their allegations concerning Defendant's alleged breach of fiduciary duty "upon information and belief."[2] These include Plaintiffs' pleading of the following facts: that the nature of services provided by Defendant (buying, and selling securities for the Funds and other clients) has remained unchanged despite dramatic growth in assets (Amended Complaint ¶ 30), fees are higher for the Funds because they are not negotiated at arms' length (Amended Complaint ¶ 31), Defendant has employed inaccurate accounting practices in financial reporting to hide its true profitability (Amended Complaint ¶ 33), soft dollar arrangements (e.g., cross-selling products to Fund customers, reselling advisory services paid for by the Funds) have benefitted Defendant and resulted in increased costs to the shareholders of the Funds (Amended Complaint ¶¶ 46-47), and the Funds' disinterested trustees are not sufficiently informed by Defendant about advisory fees charged to third parties, benefits from economies of scale, and profitability data, with the result that they are unable to truly act independently (Amended Complaint ¶¶ 55-57). Plaintiffs also include a number of

---

[2] I note that, according to the Final Pretrial Order, a number of these allegations have been withdrawn. Accordingly, I do not consider the allegations contained in Paragraphs 32, 47, 48, 55.d, and the last sentence of Paragraph 46.

allegations concerning the mutual fund industry in general, with no specific reference to the Funds or Defendant.

## Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief.  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).  Under Fed. R. Civ. P. 8(a), a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Krantz v. Fidelity Mgmt. & Research Co.*, 98 F. Supp. 2d 150, 159 (D. Mass. 2000) (only notice pleading required for Section 36(b) claim).

## Discussion

Section 36(b) provides that "the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or payments of a material nature, paid by such registered investment company, or by security holders thereof, to such investment adviser."  15 U.S.C. § 80a-35(b).  The ICA provides a private right of action to enforce this provision.  The most widely-cited case interpreting 36(b) is *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.,* 694 F.2d 923 (2d. Cir. 1982).  The *Gartenberg* court set forth the following standard for determining whether fees are so high as to constitute a breach of the investment advisor's fiduciary duty, specifically, "the adviser-manager must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered

4

and could not have been the product of arm's-length bargaining." 694 F.2d at 928.

In addition, the *Gartenberg* court identified six factors to be considered in determining disproportionality: (1) the nature and quality of the services rendered; (2) the profitability of the funds to the advisor/manager; (3) economies of scale; (4) comparative fee structures; (5) fallout benefits (indirect profits to the adviser/manager); and (6) the care and conscientiousness of the directors. 694 F.2d at 929-30. Plaintiffs have cited the *Gartenberg* standard and factors in the Amended Complaint as the governing standard.

Defendants have moved to dismiss the Amended Complaint on the grounds that the allegations contained therein are insufficient to demonstrate that the fees charged by Defendant bear no reasonable relationship to the services rendered. Specifically, Defendant contends that Plaintiffs' allegations fail because they rest on general criticisms of the industry, facts about Janus that do not demonstrate disproportionality, and conclusory statements based on "information and belief."

I agree with Defendant that Plaintiffs' generalized allegations concerning other mutual funds or critiques of the mutual fund industry, standing alone, cannot support a claim with respect to Defendant and the Funds in particular. In addition, I am concerned about the significant number of statements alleging serious misconduct, such as inaccurate accounting practices, based on "information and belief." While allegations based on information and belief are acceptable in this jurisdiction, *see Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1372 (10th Cir. 1979), I am troubled by the appearance of identical allegations in unrelated cases. *See, e.g.,* First Amended Complaint Under Investment Company Act of 1940 and Pendent State Claims*, Strigliabotti*

5

*v. Franklin Resources, Inc.*, No. C 04-00883 SI (N.D. Cal. June 3, 2004) (attached as Exhibit B to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss); Complaint Under Investment Act, *Gallus v. American Express Financial Corp.,* Civil No. 04-4498 (DWF/JSM) (D. Minn. June 9, 2004 (attached as Exhibit C to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss).   To the extent that these statements on information and belief allege fraudulent conduct without setting forth the circumstances with specificity, as required by Fed. R. Civ. P. 9(b)[3], I will not consider them.  Nonetheless, even disregarding these statements, in light of the standard I must apply on a motion to dismiss and the reasonable inferences I must draw in favor of Plaintiffs, I conclude that Plaintiffs have alleged sufficient facts specific to this Defendant to withstand Defendant's motion.

I note at the outset that no court in the Tenth Circuit has yet addressed or adopted the standard or factors set forth in *Gartenberg*.  These factors are not universally applied, and it bears noting that 36(b) claims are not specifically limited to circumstances involving disproportionate fees.  *See, e.g., Green v. Fund Asset Mgmt., LP*, 147 F. Supp. 2d 318 (D.N.J. 2001) and cases cited therein.  Nonetheless, since Plaintiffs are basing their claims on the *Gartenberg* standard, I will apply it in this analysis.

A complaint may not allege that fees are excessive in a conclusory manner.  *Migdal*

---

[3]Even though Plaintiffs' claim does not include fraud as an element, the requirements of Rule 9(b) apply to all averments of fraud.  *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001) ("Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated.  The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.").

*v. Rowe Price-Fleming Int'l, Inc.,* 248 F.3d 321, 327 (4th Cir. 2001). Here, however, Plaintiffs have alleged specific facts that, if true, could demonstrate that fees charged by Defendant are sufficiently excessive to constitute a breach of fiduciary duty. Specifically, with regard to the first *Gartenberg* factor (the nature and quality of services provided), Plaintiffs have alleged that Defendant provides identical services to third parties at a lower cost, which would indicate a disparity. I do not credit Plaintiffs' allegations concerning the second factor (profitability), all of which are made "upon information and belief" and allege serious financial fraud and misconduct. Plaintiffs' pleadings relevant to the third factor (economies of scale), specifically the increase in assets and lack of breakpoint levels in fees to the Funds, could show disproportionality. Similarly, with respect to the fourth factor (comparative fee structure), allegations that Defendant's fees to third parties are significantly lower than that charged to the Funds for identical services support Plaintiffs' claim. Plaintiffs have withdrawn many of their allegations concerning the fifth factor (fallout benefits), and I do not consider most of these generic, conclusory statements. One exception is Plaintiffs' allegation concerning savings effected by reselling investment services, which could support an inference that fees are disproportionate to services provided. Finally, the last factor (care and conscientiousness of directors) is not determinative. Plaintiffs' allegations in this regard are entirely non-specific to Janus or are made "on information and belief." Even if I were to credit Plaintiffs' allegations concerning the lack of information provided to the trustees, they are inadequate to demonstrate that the trustees have failed to exercise care and control.

Defendant notes that, according to Plaintiffs' allegations, advisory fees paid to

7

Defendant actually decreased as a percentage of assets managed (including but not exclusively the assets in the Funds) between 1993 and 2002. In 1993, fees amounted to .667% of assets of $14.1 billion, while in 2002 fees amounted to .651% on assets worth $98.1 billion. Defendant further argues that the lack of break points in the fees does not necessarily support an inference of disproportionality because economies of scale can be shared with funds by means of a flat fee schedule. Defendant is correct that it is possible to draw other inferences from the facts alleged by Plaintiffs; however, on a motion to dismiss, I must draw all permissible inferences in favor of Plaintiffs. Since it is possible to infer from these facts that the growth in Funds assets has not been matched by a proportional, as opposed to marginal, decrease in fees and that the lack of breakpoints in fee structures demonstrates that savings from economies of scale are not being passed on to the Funds, I must do so.

Defendant further argues that the comparison between fees charged for services provided as a sub-advisor is irrelevant to the issue of proportionality. However, Plaintiffs have alleged facts concerning disparities between fees charged to the Funds and to third parties for both advisory and sub-advisory services. Accordingly, while I agree that the probative value of the comparison for sub-advisory services would be significantly less than that of the comparisons to identical services (which Plaintiffs have alleged), these comparisons are relevant. Plaintiffs' allegations in this regard, if true, could entitle them to relief.

The number of apparently generic, boiler plate allegations in the Amended Complaint cause me to question whether reasonable inquiry underlies the allegations

made "on information and belief." I nonetheless find that Plaintiffs have alleged facts sufficient to state a claim upon which relief may be granted.

Accordingly, it is ordered:

1. The motion to dismiss, filed March 4, 2005, is denied.

DATED at Denver, Colorado, on December 15, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge